FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 9 2008

GREGORY C. LANGHAM
                    CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00691-BNB

JAMES D. JENKINS,

    Plaintiff,

v.

CALVIN BROADUS,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, James D. Jenkins, has filed a *pro se* Complaint. The Court must construe the Complaint liberally because Mr. Jenkins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jenkins will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint and has determined that it is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Jenkins fails to set forth a short and plain statement of the grounds on which the Court's jurisdiction depends. In other words, he fails to cite the statutory authority that allows this Court to consider the claims he is asserting in this action. Mr. Jenkins also fails to assert a proper request for relief.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8(a) and that Mr. Jenkins should be given an opportunity to file an Amended Complaint. Plaintiff will be directed to do so below. Accordingly, it is

ORDERED that Mr. Jenkins file, **within thirty days from the date of this Order,** an Amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Jenkins, together with a copy of this Order, two copies of a current Court-approved Complaint form. It is

FURTHER ORDERED that if Mr. Jenkins fails within the time allowed to file an Amended Complaint that complies with this Order to the Court's satisfaction the action will be dismissed without further notice.

DATED April 9, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00691-BNB

James D. Jenkins
4655 Gaylord Street
Apt. B
Denver, CO 80216

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 4-9-08

GREGORY C. LANGHAM, CLERK

By: _____
            Deputy Clerk